IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                                                                       CR. No. 20-1958 JCH

**NATHAN COTINOLA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's pro se *Motion Seeking Sentence Adjustment Under § 4A1.1(d) "Status Points" of Part A of Amendment 821* [Doc. 70], filed December 7, 2023. The Federal Public Defender has declined to file a motion on behalf of the Defendant [Doc. 72], and on July 13, 2024, the government filed its response [Doc. 73]. For the reasons stated herein, the Court will deny the motion.

### BACKGROUND

The Defendant pled guilty to possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine as well as using and carrying a firearm during and a drug trafficking crime and possessing a firearm in furtherance of such crime. Doc. 69. Defendant had a criminal history score of 1 establishing a criminal history category of I. The total offense level was 25. However, as a result of the statutory minimum sentence and the fact that sentences for the two counts had to be served consecutively, the guildeline term of imprisonment was 120 months. The Government and the Defendant entered into a plea agreement. Doc. 43.

On May 10, 2023, the Court sentenced Defendant to 80 months imprisonment. Doc. 69.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*. 560 U.S. 817, 824 (2010) (quoting § 3582(c)(2)). When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. However, ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012).

Prior to November 1, 2023, the United States Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines § 4A1.1(d)(pre-amendment). Beginning November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e). Furthermore, under Part B of Amendment 821, § 4C1.1(a) of the Sentencing Guidelines now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. However, that reduction is available only to a defendant who did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in

2

connection with the offense. U.S.S.G. § 4C1.1(a)(7). On August 24, 2023, the Commission made these amendments retroactive effective November 1, 2023. *See* § 1B1.10(d).

## DISCUSSION

After reviewing the motion, the response, and the record, the Court concludes that Defendant is ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). First, Defendant did not receive any status points because he was not under a criminal justice sentence when he committed the offense for which he was convicted in this case. Accordingly, he does not qualify for a reduction in sentence under Part A of Amendment 821.

Second, Defendant does not qualify for a reduction under Part B of Amendment 821 for two reasons. As an initial matter, Defendant was not a zero-point offender. At sentencing Defendant had a previous conviction, which resulted in one criminal history point and a criminal history category of I from Chapter Four, Part A, of the Guidelines. This alone renders him ineligible. Furthermore, Defendant was convicted of possession of a firearm in connection with his drug trafficking offense. This too renders him ineligible for a sentence reduction. Therefore, he does not qualify for a reduction in sentence under Part B of Amendment 821.

**IT IS THEREFORE ORDERED** that Defendant's pro se *Motion Seeking Sentence Adjustment Under § 4A1.1(d) "Status Points" of Part A of Amendment 821* [Doc. 70] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**